UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01579-WYD

STARLET ROSE MILLAR,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's claims for disability insurance benefits under Title II of the Social Security Act ["the Act"], 42 U.S.C. §§ 401-33.  For the reasons stated below, this case is reversed and remanded for further factfinding.

      In January 2005, Plaintiff filed an application for disability benefits claiming that she became disabled on May 2, 2001 (later amended to July 1, 2002) due to limitations caused by an enlarged heart, diabetes, Crohn's disease, and intestinal cancer.  (Transcript ["Tr."] 47-49, 59-60, 299).  Her date last insured for purposes of disability insurance benefits was September 2005.  (*Id.* 53).

      The Commissioner denied Plaintiff's claims at the initial determination stage.  (Tr. 44-46).  An Administrative Law Judge ["ALJ"] held a hearing on October 2, 2007.  (*Id.* 296-314.)  In a decision dated December 28, 2007, the ALJ concluded that Plaintiff was

not disabled within the meaning of the Act.  (*Id.* 7-16).  This decision is discussed in more detail below.  The Appeals Council declined review of the ALJ's decision (*id.* 3-4), and this appeal followed.  The ALJ's decision is the final administrative decision, and this case is ripe for judicial review.

II.   ANALYSIS

   A.   The ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2002, the alleged onset date.  (Tr. 10-11, 15, Finding 2.)  He also found that Plaintiff had the following "severe" impairments: diabetes, coronary heart disease, hypertension, and obesity.  (*Id.* at 11, 15, Finding 3.)  However, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of one of the listed impairments. (*Id.*, 11, 15, Finding 4.)

The ALJ found that Plaintiff had the residual functional capacity ["RFC"] to perform a range of sedentary exertional work subject to certain restrictions.  (Tr. 12, 15, Finding 6.)  Relying on the testimony of a vocational expert, the ALJ found that Plaintiff retained the RFC to perform her past work as a customer service representative and a payroll manager and to perform other jobs available in significant numbers in the national economy, including office clerk, payroll clerk and receptionist.  (*Id.* 14-15, Finding 7-9). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Act.  (*Id.* at 15, Finding 10).

B.     Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). I find for the reasons discussed below that this case must be remanded to the Commissioner for further factfinding.

C.     Whether the ALJ Erred by Improperly Closing the Record and Not
        Considering the Additional Information Provided by Plaintiff

At the hearing, it is undisputed that Plaintiff's counsel requested that the record be held open for seven days for additional medical records to be submitted, specifically, for an evaluation from treating physician Dr. Weber at the Peak Vista Community Health Center to be provided. (Tr. 299, 300.) Further, it is undisputed that the ALJ granted that request and gave counsel seven days to get additional medical records submitted. (*Id.* 300, 10.)

Instead of an evaluation from Dr. Weber, Plaintiff's counsel received an evaluation from physician's assistant James Deas, PA-C at the Sea Oats Medical Clinic, attached to the Opening Brief.  The evaluation from Mr. Deas was submitted to the ALJ on October 9, 2007, seven days after the hearing.  Plaintiff asserts that the ALJ improperly closed the record stating in his decision that *no records* were received within seven days of the hearing, when this record from Dr. Deas was submitted within that time frame.  (Tr. 10).

Mr. Deas opined in a physical capacity evaluation dated October 8, 2007, that Plaintiff is incapable of completing an eight-hour day and that she has been incapable of completing an eight-hour day since the year 2000.  Mr. Deas's evaluation covered the same issues that an evaluation from Dr. Weber would have covered.   Plaintiff contends that even Mr. Deas is not an acceptable medical source, his opinion is entitled to consideration under SSR 06-03p.  Further, Plaintiff argues that given the nonadversarial nature of a social security disability claim, the ALJ had a duty to review the timely and relevant evaluation from Mr. Deas.  Defendant argues on the other hand that the failure to consider the report of Mr. Deas is, at most, harmless error.

I agree with Plaintiff and find that Defendant has not shown harmless error.  The harmless error analysis is applicable if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005).  This analysis is applied cautiously in the administrative context.  *Id.* at 733.

In this case, I am unable to say that no reasonable ALJ could have resolved this case in any other way.  While a physician's assistant is not an acceptable medical

source, his functional capacities evaluation finding that Plaintiff can sit, stand and walk less than an hour a day, that she would need to lie down periodically throughout the day, that she can lift 10 pounds on an occasional basis and that she would miss more than three days of work per month is highly relevant to the determination of whether Plaintiff is disabled.  *See* SSR 06-03p, 2006 WL 2329939, at *3 (2006) ("With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' such as . . . physician assistants, . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file").

Mr. Deas had treated Plaintiff several times before his assessment and thus had special knowledge of Plaintiff.  Mr. Deas's opinion is supported by his earlier letter dated March 14, 2002 that Plaintiff needed to be "administratively dropped from class due to her ongoing and increasing health problems." (Tr. 231).  Accordingly, as to Plaintiff's ability to function in a work setting, an ALJ may choose to give Mr. Deas' report even greater weight than that of a treating physician.  *Id.*, 2006 WL  2329939, at *5 ("depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an 'acceptable medical source' if

he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion"). The decision as to how to weigh this opinion must be resolved by the ALJ, not by the Court. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971) (it is the Commissioner's duty to weigh the evidence, to resolve material conflicts, and to decide the case accordingly).

Moreover, I agree with Plaintiff that the ALJ has a duty to develop the record. *Baca v. Dept. of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993)). "Put another way, when the ALJ considers an issue that is apparent from the record, he has a duty of inquiry and factual development with respect to that issue." *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) (citing *Grogan v. Barnhart*, 399 F.3d 1257, 1263-64 (10th Cir.2005)). In this case, the ALJ specifically stated that he would allow Plaintiff seven days after the hearing to submit additional medical evidence. As such, he had a duty of inquiry with respect to that medical evidence which he violated when he issued the decision without consideration of that evidence.

As to the Commissioner's argument that the form by Mr. Deas is a check box form, this does not mean that the form is entitled to no weight. A similar issue was presented in *Carpenter v. Chater*, 537 F.3d 1264, 1267 (10th Cir. 2008). While *Carpenter* noted that a nontreating physician's checkmarks on the agency's RFC form 'based on the most limited sort of contact and examination" where "[t]here [was] no indication of careful study of [the claimant's] history or prior examinations" was not entitled to weight, a medical provider who "examined Mrs. Carpenter and made notes or circled the medical terms for her findings on her own medical form clearly set up to record the results of a thorough physical examination" was entitled to consideration. *Id*.

-6-

III.    <u>CONCLUSION</u>

Based upon the errors described above, I find that this case must be reversed and remanded to the Commissioner for further fact finding and analysis consistent with this Order.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner for further factfinding as set forth in this Order pursuant to sentence four in 42 U.S.C. § 405(g).

Dated September 28, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge